# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRUCE LOFLAND, JR. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 16-cv-2183-CM-TJJ |
| | ) |
| CITY OF SHAWNEE, KANSAS, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Stay Proceedings Pending Determination of Motion to Dismiss (ECF No. 27). Defendant requests an order staying the parties' Rule 26 requirements and the upcoming September 29, 2016 scheduling conference until the Court rules on Defendant's pending Motion to Dismiss (ECF No. 9). Plaintiff opposes the motion. For the reasons discussed below, the Court grants the motion.

**I.     Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2] A stay is not favored because it can delay a timely resolution of the matter.[3] To that end, as a general rule, courts in the

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[3] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[4]  Although the general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule.[5]  Most notable is the well-established exception when the party requesting stay has asserted absolute or qualified immunity in its dispositive motion.[6]  Other instances where it is appropriate to stay discovery pending a ruling on a dispositive motion are when:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[7]

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.[8]

## II. Whether a Stay During the Pendency of Defendant's Motion to Dismiss is Warranted in this Case

As noted above, the weight of authority in this District is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending.  In those instances in which a stay is appropriate, at least one of the following three factors is present: (1) the case is *likely* to be finally concluded as a result of the ruling, (2) the facts sought through the

---

[4] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5] *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[6] *Id.*

[7] *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[8] *Cargill,* 2015 WL 3937395, at *1.

remaining discovery would not affect the resolution of the pending motion, or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[9]

Applying these factors, Defendant has shown that a stay of pretrial proceedings and discovery is warranted until after the District Judge rules on the pending motion to dismiss. First, the Court finds there is enough likelihood the case will be concluded as a result of the District Judge's ruling on the pending motion to dismiss to justify staying the case during the interim. Second, Defendant contends and Plaintiff does not rebut that facts sought through uncompleted discovery would not affect resolution of the pending motion to dismiss. Third, information submitted by the parties indicates that Plaintiff seeks broad and expansive discovery. This, combined with Plaintiff's frequent motion filing practices in the case to date, persuade the Court that it would be wasteful and burdensome to allow discovery and the Scheduling Conference to proceed while the motion to dismiss is pending. Again, Plaintiff does not rebut Defendant's argument on this point. Defendant has therefore shown mulitple basis for the Court to stay the upcoming scheduling conference and the parties' related Rule 26 obligations, as set forth in the Court's Initial Order Regarding Planning and Scheduling (ECF No. 22). Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Proceedings Pending Determination of Motion to Dismiss (ECF No. 27) is **GRANTED**. All pending Rule 26 obligations of the parties, pretrial proceedings, discovery, and the filing of any further motions, responses, and replies, except those pertaining to the pending Motion to Dismiss and/or any

---

[9] *Fattaey*, 2016 WL 3743104, at *2.

order the Court may enter with respect to the other pending motions, are hereby stayed until the District Judge rules on the pending motion to dismiss.

**IT IS FURTHER ORDERED** that the in-person Scheduling Conference set for **September 29, 2016** is cancelled.  The parties need not submit their completed Report of Parties' Planning Conference and Rule 26 Initial Disclosures.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order shall be mailed to Plaintiff, who is proceeding pro se.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 20th day of September, 2016.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge