IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRUCE LOFLAND, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 16-02183-CM |
| ) | |
| **CITY OF SHAWNEE, KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff, appearing pro se and in forma pauperis, filed this action against the City of Shawnee, Kansas, alleging his constitutional rights were violated by (1) the denial of a jury trial in municipal court for possession of a controlled substance and paraphernalia, (2) the requirement that plaintiff post a $750 appearance bond to appeal his conviction, and (3) due process violations during the bench trial. (Doc. 1, at 7–9.)  This matter is before the court on defendant's motion to dismiss (Doc. 9), plaintiff's motion for declaratory relief (Doc. 19), plaintiff's motions to amend the complaint (Docs. 21, 31), plaintiff's petition for a declaratory judgment (Doc. 24), defendant's motion to strike (Doc. 29), and plaintiff's motion to review the order granting defendant's motion to stay the proceedings pending a determination of the motion to dismiss (Doc. 38).  For the reasons stated below, the court dismisses the complaint without prejudice under the *Younger* abstention doctrine and denies plaintiff's motions to amend the complaint.  As a result, the other motions and plaintiff's petition for a declaratory judgment are moot.

## I.    Facts

### A.    Shawnee Municipal Court Case

Plaintiff's alleged constitutional rights violations relate to an ongoing case in Shawnee Municipal Court (Case No. 1503234).  (Docs. 1, at 7–9; 21-2, at 2.)  In July 2015, plaintiff was

charged with two misdemeanors: possession of a controlled substance (Shawnee Municipal Code 9.06.010) and possession of paraphernalia (Shawnee Municipal Code 9.06.020). (Doc. 21-2, at 2–4.) On January 12, 2016, the municipal trial court sentenced plaintiff after finding him guilty of possession of a controlled substance. (*Id*. at 2.)

At the trial and sentencing, the judge set the appearance bond for appeal at $750. (Doc. 10, at 1.) Plaintiff states that his attorney informed the judge that plaintiff could not afford to post the bond, but the judge would not adjust the amount. (Doc. 30, at 2.) Plaintiff did not file an appeal within the fourteen-day period required under Kan. Stat. Ann. § 22-3609(b), nor did plaintiff return to speak with the judge about the bond amount. (Docs. 10, at 4; 30, at 3.) Plaintiff argues he did not think it would help to speak with the judge. (Doc. 30, at 3.)

Currently, the case is in "warrant status" for plaintiff's failure to appear for probation violation hearings. The City of Shawnee, Kansas has filed a motion to impose plaintiff's suspended sentence for various probation violations, including failure to pay fines and fees, complete drug and alcohol evaluation and testing, and report to monitoring as directed. (Doc. 32-1, at 1.)

**B.     Case in the United States District Court for the District of Kansas**

On March 23, 2016, plaintiff filed a complaint in this court. (Doc. 1.) Plaintiff claims that the City of Shawnee, Kansas violated his constitutional rights by (1) denying plaintiff a jury trial in municipal court for misdemeanors, (2) requiring that plaintiff post a $750 appearance bond to appeal his conviction, and (3) violating his right to due process during the bench trial. (Doc. 1, at 7–9.) Plaintiff seeks declaratory and injunctive relief. (Doc. 1, at 4.) Plaintiff also indicates that he is seeking money damages ($2,310) for plaintiff's time conducting legal research and preparing the complaint. (Doc. 1, at 4.)

As noted above, plaintiff has filed two motions to amend his complaint (Docs. 21, 31), a motion for declaratory relief (Doc. 19), a petition for a declaratory judgment (Doc. 24), and a motion to review an order staying these proceedings (Doc. 38).  Specifically, plaintiff seeks to amend his complaint to add the following: (1) additional constitutional rights violations (Docs. 21, 31), (2) additional detail on the court's basis for jurisdiction under 28 U.S.C. § 1343 (Doc. 31), and (3) damages for emotional distress and related health care costs (Doc. 31).  Plaintiff's motion for declaratory relief appears to be a motion for summary judgment.  The petition for a declaratory judgment asks the court to declare that that plaintiff is unable to pay his court and probation fees and that he has a constitutional right to not be incarcerated for his failure to pay the fees.  (Doc. 24, at 1–2.) Plaintiff's final motion seeks review of Judge James's order staying these proceedings.

## II.  Discussion

### A.  Plaintiff's Complaint

Because the ongoing criminal proceeding in Shawnee Municipal Court provides an adequate forum to hear plaintiff's claims and implicates important state interests, the *Younger* abstention doctrine prevents this court from exercising jurisdiction over plaintiff's claims.  Under the *Younger* abstention doctrine—which is based on principles of federalism, comity, and respect for state functions—a federal court cannot interfere with state court proceedings, absent extraordinary circumstances.  *Younger v. Harris*, 401 U.S. 37, 43–45 (1969).  Specifically, "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).

When *Younger* abstention applies, a court must dismiss without prejudice any actions for injunctive or declaratory relief and stay proceedings seeking damages. *Chapman v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007). Finally, a court may raise the application of *Younger* sua sponte. *Sanchez v. Wells Fargo Bank, N.A.*, 307 F. App'x 155, 157 (10th Cir. 2009).

Plaintiff seeks declaratory and injunctive relief for alleged constitutional violations. (Doc. 1, at 4, 7–9.) Although plaintiff also indicates that he is seeking money damages, the amount claimed for damages ($2,310) relates to plaintiff's time conducting legal research and preparing the complaint. It does not arise directly from defendant's actions. Defendant has raised the *Younger* doctrine as a basis for dismissing plaintiff's first claim (right to a jury trial), but not for plaintiff's second claim (constitutional violation due to appearance bond requirement) and third claim (due process violations during the bench trial). However, because the ongoing criminal proceeding in Shawnee Municipal Court provides an adequate forum to hear plaintiff's claims and implicates important state interests, the court sua sponte applies the *Younger* doctrine to all three of plaintiff's claims. Further, because plaintiff seeks declaratory and injunctive relief, the court dismisses the claims without prejudice.

### 1. Ongoing State Proceeding

After a defendant has been sentenced, the state criminal proceeding is ongoing if there are continued matters before the state court such as a motion to revoke probation. *See Van De Mark v. Johnson*, No. 01-4180-SAC, 2002 WL 31928432, at *1–2 (D. Kan. Nov. 20, 2002). As indicated by the record, plaintiff's case in Shawnee Municipal Court is ongoing. The City of Shawnee has filed a motion to impose plaintiff's suspended sentence because of plaintiff's failure to comply with the probation order. (Doc. 32-1, at 1.) Plaintiff has failed to appear for his probation violation hearings

and the case is currently in "warrant status." This satisfies the first requirement for *Younger* abstention.

### 2. Adequacy of State Forum

A state proceeding provides an adequate forum if the plaintiff has an "opportunity to raise and have timely decided by a competent state tribunal" the claims in the federal complaint. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435–37 (1982) (citation omitted). "Typically, a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims." *Phillips v. Martin*, 535 F. Supp. 2d 1210, 1215 (D. Kan.), *aff'd*, 315 F. App'x 43 (10th Cir. 2008) (quoting *J.B. v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)). The plaintiff bears the burden of showing that state procedural law bars the presentation of the claims, making the state proceeding an inadequate forum. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–15 (1987) (citation omitted). The plaintiff's failure to present the federal claims does not render the state procedures inadequate. *Juidice v. Vail*, 430 U.S. 327, 330 (1977); *Phillips*, 535 F. Supp. 2d at 1215–16. Further, if the plaintiff fails to present the federal claims, "a federal court should assume that the state proceedings will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15.

The ongoing proceeding in Shawnee Municipal Court provides plaintiff an adequate forum to raise his federal claims. Plaintiff argues that he had no opportunity to present his federal claims to the Shawnee Municipal Court because he "had no process available to appeal the conviction from the judgment of the municipal court to the district court of the county in which he was tried." (Doc. 14, at 3.) Although plaintiff can no longer file a timely appeal of his conviction (plaintiff's sentence was imposed on January 12, 2016 and under Kan. Stat. Ann. § 22-3609(b), appeals must be filed no later than fourteen days after the sentence is imposed), he has not identified any state procedural law that

would bar him from presenting his constitutional claims in the state proceeding. Further, the record does not indicate that plaintiff has attempted to present his federal claims to the Shawnee Municipal Court. As a result, the state proceeding affords plaintiff an adequate remedy.

### 3.  Important State Interest

The Shawnee Municipal Court proceeding implicates important state interests of the enforcement of the city's municipal code and state criminal laws. A city has an important interest in enforcing its municipal code, *Trackwell v. Miller*, No. 12-4107-JAR/KGS, 2012 WL 5228669, at *2 (D. Kan. Oct. 22, 2012), and a state has an important interest in enforcing its criminal laws, *Strickland v. Wilson*, 399 F. App'x 391, 397 (10th Cir. 2010). Plaintiff's ongoing state court proceeding relates to possession of a controlled substance under Shawnee Municipal Code 9.06.010, and therefore implicates important state interests. As a result, all three requirements for *Younger* abstention are met.

### 4.  Extraordinary Circumstances

If the requirements for *Younger* abstention are met, a federal court must abstain unless extraordinary circumstances exist. *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995). Specifically, a federal court need not abstain if the state proceeding was "commenced in bad faith or to harass" or "based on a flagrantly and patently unconstitutional statute" or if there is "any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Id.* (quoting *Younger*, 401 U.S. at 53–54). Based on the underlying rationales for *Younger* abstention—federalism, comity, and respect for state functions—the exceptions are narrow, and the plaintiff has a "'heavy burden' to overcome the bar of *Younger* abstention." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citation omitted).

Here, the record does not indicate the state proceeding was commenced in bad faith or to harass. Neither is the state proceeding based on a "flagrantly and patently unconstitutional statute."

And plaintiff has not indicated any extraordinary circumstances creating a threat of great and immediate "irreparable harm." Accordingly, the exceptions for *Younger* abstention are not met and the court abstains from exercising jurisdiction over plaintiff's complaint.

### B. Plaintiff's Motions to Amend the Complaint

Further, plaintiff's motions to amend the complaint (Docs. 21, 31) are futile. "Leave to amend a complaint should be freely given 'when justice so requires.'" *Hill v. City of Okla. City*, 448 F. App'x 814, 816 (10th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2))). However, "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Id.* (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

Plaintiff seeks leave to amend his complaint to add the following: (1) additional constitutional rights violations (Docs. 21, 31), (2) additional detail on the court's basis for jurisdiction under 28 U.S.C. § 1343 (Doc. 31), and (3) damages for emotional distress and related health care costs (Doc. 31). As with the alleged constitutional rights violations in plaintiff's complaint, under *Younger*, the court would be required to abstain from hearing the additional alleged constitutional rights violations in the proposed amendments. Further, given the court must dismiss plaintiff's complaint without prejudice and would be required to do the same for the additional alleged constitutional rights violations, the added detail on the court's basis for jurisdiction over these alleged violations under 28 U.S.C. § 1343 is moot. Finally, plaintiff's proposed addition of damages for emotional distress and related health care costs are claims under state law. The court does not have subject matter jurisdiction over these state law claims. Accordingly, even if the court granted plaintiff leave to amend, the

amended complaint would be subject to dismissal without prejudice.  As a result, the court denies plaintiff's motions to amend as futile.

## III. Conclusion

Under the *Younger* abstention doctrine, the court dismisses plaintiff's complaint because the ongoing state criminal proceeding provides an adequate forum to hear the claims and implicates important state interests.  The court also denies plaintiff's motions to amend the complaint because they are futile.  Finally, the dismissal of plaintiff's complaint renders the following moot: defendant's motion to dismiss (Doc. 9), plaintiff's motion for declaratory relief (Doc. 19), plaintiff's petition for a declaratory judgment (Doc. 24), defendant's motion to strike (Doc. 29), and plaintiff's motion to review the order granting defendant's motion to stay the proceedings pending a determination of the motion to dismiss (Doc. 38).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Doc. 1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend the complaint (Docs. 21, 31) are denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (Doc. 9), plaintiff's motion for declaratory relief (Doc. 19), plaintiff's petition for a declaratory judgment (Doc. 24), defendant's motion to strike (Doc. 29), and plaintiff's motion to review the order granting defendant's motion to stay the proceedings pending a determination of the motion to dismiss (Doc. 38) are denied as moot.

The case is closed.

Dated this 12th day of October, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
